IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In re:

**DAVID BRIAN DERRINGER,**  No. BR-04-17330-M13

**Debtor.**

**DAVID BRIAN DERRINGER,**

**Appellant,**

vs.  USCD No. Civ 07-741 WJ/LCS

**MICK CHAPEL, JENNIFER CHAPEL,
and JOSEPH E. MANGES,**

**Appellees.**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter was referred to the undersigned by Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals and Prisoner Cases (Doc. 10). The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and recommends that this bankruptcy appeal should be denied. The court makes the following findings and recommended disposition to the Presiding Judge.

### STANDARD OF REVIEW

The standard of review is *de novo* as to the legal issues presented, and jurisdiction presents

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

a legal issue. *EEOC v. Wiltel, Inc.*, 81 F.3d 1508, 1513 (10th Cir. 1996).

## PROCEDURAL BACKGROUND

This matter has a extensive history in both state and federal courts.  The underlying judicial history is well set out in the United States Bankruptcy Appellate Panel of the Tenth Circuit's Order and Judgment, BAP No. NM-05-20, filed on September 6, 2005 and will not be repeated here. Subsequent to that judgment and order, the underlying bankruptcy (Bankruptcy Case 13-04-17330-MA) was dismissed on  November 2, 2005 (Doc. 316).  A rehearing was denied on December 12, 2005.  On January 23, 2007, Appellant Derringer filed a motion in the Bankruptcy Court in the now dismissed action.  It was entitled  "Motion to Take Judicial Notice" (Doc. 400).  On May 23, 2007, Derringer filed a  "Motion for Order to Show Cause (Sanctions) and for Extreme and Punitive Damages Under Fed. R. Bankruptcy P. Rule 9011(b)(1)(2)(3)(4) Under Fed. R. Bankruptcy P. 9011(C)(1)(A) Against Mick Chapel, Jennifer Chapel and Joseph Manges for the Chapels' Pleading 5 Months Late Response to Motion for Judicial Notice filed by Derringer on 1/23/2007 in Blatant Violations of the Fed. R. Civ. P. Rules 5, 6, and 7 and Request for Relief."  The Bankruptcy Court denied both motions on July 19, 2007 (See Docket Nos.  417 and 418) citing its lack of jurisdiction to entertain motions filed subsequent to the dismissal of the bankruptcy proceeding.  The Court also noted that many of the facts alleged occurred after the dismissal, including allegations of criminal misconduct over which the Court had no jurisdiction.  This appeal followed (Doc. 1).

## DISCUSSION

In his brief-in-chief, Appellant Derringer identifies four appellate issues.  The first three issues do not relate to the Order denying his Motion to Take Judicial Notice.  Rather, the first three issues are continued attempts by Appellant to dispute the numerous judicial decisions which have

been adverse to him over the years in state and federal trial and appellate courts. The Court has not considered these three issues as they are not germane to the appeal. Appellant's fourth appellate issue does reference the Bankruptcy Court's decision that it lacked jurisdiction to consider Appellant's Motion to Take Judicial Notice. However, appellant's only argument in support of his appeal of that decision is the conclusory statement that the Bankruptcy Court had "total and undeniable jurisdiction" to consider the substance of the motion. The absence of a legal argument in support of an appeal is sufficient grounds to uphold the underlying court order. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) and *United States v. Heijnen*, 215 Fed. Appx. 725 (10th Cir. 2007) (unsupported arguments need not be considered).

The Bankruptcy Court correctly determined that once a bankruptcy proceeding is dismissed the Court loses jurisdiction over the underlying bankruptcy and all related proceedings, except in rare circumstances not present here. See *Matter of Statistical Tabulating Corp., Inc., 60 F.3d 1286 ( 7th Cir.* 1995). Appellant Derringer makes no attempt in his brief to address why the orders are in error or to explain why the Court would have jurisdiction to proceed. Accordingly, the appeal is without merit.

### RECOMMENDATION

It is recommended that the appeal be denied.

**IT IS SO ORDERED.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**